LAURA E. DUFFY
United States Attorney
ABBEY M. JAHNKE CASB # 302454
Special Assistant United States Attorney
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8664
Email: abbey.jahnke@usdoj.gov

Attorneys for Respondent
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   Respondent,<br><br>  v.<br><br>DANIEL VAZCONES,<br><br>   Petitioner. | Crim. Case No. 13-cr-3309-MMA<br><br>**GOVERNMENT'S RESPONSE AND OPPOSITION TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

COMES NOW the respondent, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Abbey M. Jahnke, Special Assistant United States Attorney, in response and opposition to Petitioner's Motion to Vacate his Sentence Pursuant to Title 28, United States Code, § 2255. This Response and Opposition is based on the attached memorandum of points and authorities, together with the exhibits, files and records of this case.

# I.  INTRODUCTION

The United States opposes Petitioner Daniel Vazcones' ("Petitioner") motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence imposed after he pled guilty to a two-count Superseding Information charging him with violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §924(c)(1). In this motion, Petitioner contends that the sentence he received was unlawful because (i) under *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"), his prior conviction for domestic battery is no longer a "crime of violence" under USSG § 4B1.1 for Career Offender purposes; (ii) his prior drug convictions no longer qualify as "felony drug convictions" under California Proposition 47; (iii) the Government impermissibly "amended" the original indictment charging Petitioner with a violation of 21 U.S.C. § 841(a)(1) by adding an additional count of 18 U.S.C. § 924(c); and (iv) Petitioner received ineffective assistance of counsel because Petitioner's counsel did not inform him that the Government "amended the indictment when adding the charge for § 924(c)." Petitioner's claims are baseless.

As set forth below, Petitioner's motion should be denied or dismissed because: (1) he waived his right to challenge his sentence and has failed to identify any circumstances that would justify invalidating that waiver; (2) he procedurally defaulted by failing to raise his current claims on direct appeal; and (3) even if one were to ignore Petitioner's valid written waiver, as well as his procedural default, he has not raised any claims that warrant habeas relief. Any of the reasons outlined above is sufficient, standing alone, to

2

support the denial of Petitioner's motion. Furthermore, because Petitioner's claims are baseless and conclusory, the United States requests that the Court decline to hold an evidentiary hearing.

## II.    STATEMENT OF FACTS

In July 2012, a Confidential Informant (CI) informed agents from various police agencies, including the Federal Bureau of Investigation (FBI), that he/she could purchase methamphetamine from Petitioner and his wife. *See* United States' Presentence Report at ¶4. On July 19, 2012, the CI made a controlled purchase of approximately 4 ounces (112 grams) of methamphetamine from Petitioner at Petitioner's residence at 530 Graves Avenue, #13, El Cajon, California (the "Residence"). *Id.* at ¶5. The methamphetamine was determined by DEA drug analysis to be 99.7% pure. *Id.* During this controlled purchase, two AR-15 rifles, a .40-caliber Glock 22, a .40-caliber Glock 23, and a 2-shot Derringer handgun were in the Residence. *Id.*

On August 8, 2012, law enforcement officers executed a search warrant at the Residence and seized 159 grams of methamphetamine, $950.00 cash, several digital scales, and a box of ammunition. *Id.* at ¶7. A federal arrest warrant was issued for Petitioner's arrest on August 8, 2012. *Id.*

Petitioner was arrested in Tijuana, Mexico and had a firearm in his possession. *Id.* at ¶8. Petitioner was released to U.S. authorities on August 26, 2013. *Id.* Petitioner's wife was arrested on September 5, 2013 and admitted that she and her husband ran a narcotics business out of the Residence. *Id.* at ¶9.

On September 13, 2013, a federal grand jury returned a two-count Indictment charging Petitioner with distribution of methamphetamine

and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). [Dkt. 14]. On September 18, 2014, Petitioner waived indictment and pled guilty to a two-count Superseding Information, charging him with distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1). [Dkts. 34-38]. This Court accepted Petitioner's guilty plea on October 9, 2014. [Dkt. 40].

The parties agreed to the following guidelines calculations:

Count 1

```
1.   Base Offense Level, USSC § 2D1.1              32
2.   Acceptance of Responsibility, USSG § 3E1.1    -3
     ADJUSTED OFFENSE LEVEL                         29
```

Count 2

```
1.   Possessing a Firearm in Furtherance of
     Drug Trafficking [ USSG § 2k2.4(b)] – 5 Years Consecutive
```

[Dkt. 38]. According to the plea agreement, Petitioner's base offense level was 32 based on 111.1 grams of methamphetamine (actual). *Id.* Petitioner understood that he was subject to a statutorily required 10-year mandatory minimum sentence on Count 1, and a statutorily required mandatory consecutive 5-year sentence on Count 2, making his total mandatory minimum sentence 15-years. *Id.* Furthermore, Petitioner agreed in his plea agreement that "if [Petitioner] is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1." *Id.*

Petitioner was sentenced by U.S. District Judge Michael M. Anello on December 8, 2014. [Dkt. 52] Both parties agreed with Probation's calculation of Petitioner's guideline range, as reflected in

Probation's Amended Sentencing Summary Chart. [Dkt. 47-1]. The agreed upon calculations were:

Count 1

| | | |
|---|---|---|
| 1. | Base Offense Level, USSC § 2D1.1 | 32 |
| 2. | Adjusted Offense Level, Career Offender under USSG § 4B1.1 | 37 |
| 2. | Acceptance of Responsibility, USSG § 3E1.1 | −3 |
| | TOTAL OFFENSE LEVEL | 34 |

Count 2

2.   Possessing a Firearm in Furtherance of Drug Trafficking, USSG § 2K2.4(b) – **5 Years' Consecutive Sentence**

The guideline calculations above differ from those in Petitioner's plea agreement to reflect Petitioner's status as a career offender. [*See* Sentencing Transcript, pg. 4, lns. 13-16 (the parties agreed that the Petitioner qualified as a career offender, making his Adjusted Offense Level 37 under USSG § 4B1.1.)] Petitioner qualified as a career offender because he (1) was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) Petitioner has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Specifically, Petitioner suffered prior felony convictions for inflicting corporal injury on a spouse under Cal. Pen. Code § 273.5(a) and Possession of a Controlled Substance for Sale under Cal. Health and Safety Code 11378(a).

Petitioner scored 14 Criminal History points, placing him in Criminal History Category VI. [Sentencing Transcript, pg. 19, lns. 14-15]. Petitioner's Sentencing Summary Chart, the United States' Sentencing Summary Chart, and the Amended Presentence Report

calculated a Guideline range of 262-327 months for Count 1 and a mandatory 60 months' custody for Count 2, for a combined Guideline range of 322 – 387 months. [Dkts. 46 and 50].

On March 23, 2015 the Court sentenced Petitioner to 180 months' custody for Count 1 consecutive to 60 months' custody for Count 2, for a total sentence of 240 months' custody. [Sentencing Transcript, pg. 20, lns. 11-16]. The 180-month term for Count 1 falls well below the Guideline range of 262-327 months for this count, and Petitioner did not appeal the sentence. Nor did he file any motions under 28 U.S.C. § 2255 within the year contemplated under AEDPA.[1]

On June 27, 2016, Petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [Dkt. 56]. He does not challenge the conviction or the voluntariness of the plea agreement.

### III.  ARGUMENT

Petitioner's petition should be denied or dismissed because: (1) he waived his right to challenge his sentence and has failed to identify any circumstances that would justify invalidating that waiver; (2) he procedurally defaulted by failing to raise his current claims on direct appeal; and (3) even if one were to ignore Petitioner's valid written waiver, as well as his procedural default, he has not raised any claims that warrant habeas relief. Any of the reasons outlined above is sufficient, standing alone, to support the dismissal or denial of Petitioner's petition. Furthermore, because

---

[1]   For purposes of the one-year period for filing habeas petitions, the judgment became final when Petitioner failed to file a notice of appeal within the 14 days allowed by Federal Rule of Appellate Procedure 4.

Petitioner's claims are baseless and conclusory, the United States requests that the Court decline to hold an evidentiary hearing.

### A. <u>LEGAL BACKGROUND</u>

A prisoner may seek to vacate, set aside or correct his sentence under 28 U.S.C. § 2255(a) on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

*Johnson* examined language from the Armed Career Criminal Act ("ACCA"), which provides for a mandatory minimum sentence of 15 years of imprisonment for a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e). There are three "clauses" in the statute defining what type of prior crime qualifies as a "violent felony":

- The "elements" clause: "has as an element the use, or attempted use, or threatened use of physical force against the person of another";
- The "enumerated offenses" clause: "is burglary, arson, or extortion, [or] involves use of explosives"; and
- The "residual" clause: "or otherwise involves conduct that presents a serious potential risk of physical injury to another."

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court held that imposing an increased sentence under ACCA's residual clause violates the Due Process Clause because the residual clause is impermissibly vague on its face. Because no "principled and objective standard"

7

could identify what crimes fell under the language of the residual clause, the Supreme Court held that it "both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. In so doing, the Court overruled its decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 564 U.S. 1 (2011), in which it had previously rejected vagueness challenges to the residual clause. 135 S. Ct. at 2563.

The Court explicitly noted that its decision "does not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony," including a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and a felony offense that "is burglary, arson, or extortion, [or] involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii). 135 S. Ct. at 2563. It also does not affect ACCA's definition of "serious drug offense." 18 U.S.C. § 924(e)(2)(A).

Section 924(c) provides for consecutive five, seven or ten year sentences if a defendant "during and in relation to any crime of violence or drug trafficking crime. . . , uses or carries a firearm, or . . . , in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is defined differently than "violent felony." A crime of violence under 18 U.S.C. § 924(c)(3) includes an offense that is a felony and
> (A) has as an element the use, attempted use, or threatened use
> of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical
> force against the person or property of another may be used in
> the course of committing the offense.

8

## B. PETITIONER'S MOTION IS PROCEDURALLY BARRED

### 1. Petitioner waived his right to collaterally attack his sentence.

Petitioner's habeas petition should be dismissed because, with the advice and consent of his attorney, Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. *See* [Dkt. 23]. The United States acknowledges that *United States v. Torres*, C.A. 14-1021 (9th Cir. July 14, 2016), appears to foreclose the contention that an appellate waiver prohibits further challenges to the application of an unconstitutionally vague guideline provision. *Id.* at 23 ("We therefore accept the Government's concession that the district court sentenced Torres pursuant to a provision in the Guidelines that is unconstitutionally vague. This renders Torres's sentence 'illegal,' and therefore the waiver in his plea agreement does not bar this appeal. See *Bibler*, 495 F.3d at 624."). But because *Torres* presents a novel and unprecedented reading of case law, is thinly reasoned, and inconsistent with Ninth Circuit jurisprudence, the United States raises the argument to preserve it for further review.

The right to collaterally attack a sentence is a statutory right that a defendant may waive.[2] *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); see also *Hurlow v. United States*, 726 F.3d 958, 965 (7th Cir. 2013) (voluntary collateral review waivers are

---

[2] A waiver may be "unenforceable" and may not "categorically foreclose" a defendant from bringing collateral proceedings where a petitioner claims ineffective assistance of counsel challenging the voluntariness of the waiver. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir.2005). That is not at issue here.

enforceable as a general rule); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999) ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief."). The waiver is enforceable if (1) "appellant knowingly and voluntarily waives [his] rights" and (2) "the language of the waiver covers the grounds raised" in a habeas petition. *United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007). An otherwise valid waiver is not rendered invalid by a subsequent change in applicable sentencing law, nor does such a change in law render the waiver unknowing or involuntary. *United States v. Johnson*, 67 F.3d 200 (9th Cir. 1995) (because an appellate waiver waived the defendant's right to appeal "'any sentence imposed by the district judge,' not 'any sentence imposed under the laws currently in effect,'" the waiver remained valid, and defendant could not appeal his sentence, even when applicable sentencing law subsequently changed). Considering those principles, district courts have dismissed § 2255 motions raising *Johnson* claims where a defendant waived his right to collaterally attack his sentence in a plea agreement.[3] See, e.g., *United States v. Inoshita*, No. 15-00159JMS, 2016 WL 2977237, at *4 (D. Haw. May 20, 2016) ("In sum, Inoshita's waiver encompasses the right to file a § 2255 motion, except under circumstances not applicable in this case, and he made the waiver knowingly and voluntarily. Thus, Inoshita's waiver is valid."); *Rogers v. United States*, No. 15-CV-02172, 2016 WL 1328093, at *2 (C.D. Ill. Apr. 5, 2016) ("The Court agrees that

---

[3]	Though some have not dismissed the waiver. And as noted above, the Ninth Circuit in *Torres* held that the appellate waiver was not enforceable if a defendant challenges the application of an unconstitutional guideline provision.

Petitioner waived his right to bring a collateral attack in his Plea Agreement."); *Bradley v. United States*, No. 2015CV02666, 2016 WL 626572, at *4 (W.D. Tenn. Feb. 16, 2016) ("The Court finds that Bradley's waiver of the right to collateral review in his plea agreement was a valid waiver, and therefore, Bradley waived his right to § 2255 relief"); *United States v. Navarro*, No. 3:02-CR-61 JD, 2016 WL 3365042, at *5 (N.D. Ind. June 17, 2016) ("Therefore, the Court holds that Mr. Navarro's motion is barred by the waiver of any post-conviction proceedings in his plea agreement").

The same reasoning holds true here. The waiver provision in Petitioner's Plea Agreement plainly covers this motion for § 2255 relief. In a section titled "DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK," Petitioner agreed to waive "to the full extent of the law, *any* right to appeal or *to collaterally attack* the conviction *and sentence*[.]" [Dkt. 38 (emphasis added)]. Petitioner expressly consented to this section prior to pleading guilty before Magistrate Judge Jill L. Burkhardt. [Change of Plea Transcript, pg. 11, lns. 8-15]. Magistrate Judge Burkhardt concluded that Petitioner entered his plea agreement knowingly and voluntarily. *Id.* at pg. 16, lns. 14-25. Petitioner never objected, and the district court adopted the magistrate's findings. [Dkt. 40]. Petitioner clearly initialed every page of the plea agreement and certified that he had read or had read to him the entire plea agreement. [Dkt. 38]. Petitioner likewise certified that he had "discussed the terms of this plea agreement with defense counsel and fully understands its meaning and effect." *Id.* Petitioner has never claimed that the plea or waiver was not knowing and voluntary; indeed, he makes no such claim in his petition here,

even though he bears the burden of persuasion. See, e.g, *Stanley v. United States*, No. 15-3728, 2016 WL 3514185, at *3 (7th Cir. June 1, 2016) ("As the proponent of collateral review, Stanley had to produce evidence demonstrating entitlement to relief. For Stanley that meant showing a difference between the charge and the conviction. A notation in the judgment of conviction might do this. Judicial findings, or stipulations during a plea colloquy, also might suffice. But Stanley did not produce any of this potentially relevant evidence. When a statute is divisible, 'a silent record leaves up in the air whether an error has occurred, and the allocation to defendant of the burdens of production and persuasion makes a difference.' *United States v. Ramirez*, 606 F.3d 396, 398-99 (7th Cir. 2010).").

A waiver of collateral attack "will not apply if: 1) a defendant's guilty plea failed to comply with Fed.R.Crim.P. 11; 2) the sentencing judge informs a defendant that []he retains the right to appeal [or collaterally attack his sentence]; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law." *Bibler*, 495 F.3d at 624. The first three exceptions are plainly not applicable. Nor can Petitioner claim that his sentence "violates the law" to avoid the waiver provision. "A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution." *Id.* Petitioner's combined sentence of 240 months does not exceed the statutory maximum based on the two counts of conviction – in fact, Petitioner's sentence falls below the Guideline range as calculated by both parties. Nor does his sentence violate the Constitution.

Petitioner simply contends that the district court applied a guidelines provision that is unconstitutionally vague. But even if that were true, application of that guidelines provision does not mean that his sentence is constitutionally defective in a way that undermines the waiver provision. As the Eleventh Circuit explained en banc,

> [Petitioner's] claim that a sentencing guidelines provision was misapplied to him is not a constitutional claim. If it were, every guidelines error would be a constitutional violation. However prescient the Founders may have been in other respects, they did not think to incorporate the sentencing guidelines into the Constitution or Bill of Rights. Nor is it plausible to suggest, as [Petitioner] does, that every error adversely affecting a defendant's sentence violates the Due Process Clause. Sometimes a cigar is just a cigar, and sometimes an error is just an error.

*Gilbert v. United States*, 640 F.3d 1293, 1321-22 (11th Cir. 2011) (en banc); cf. *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013) ("The panel had held that an error in calculating a defendant's guidelines sentencing range does not justify post-conviction relief unless the defendant had, as in *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011), been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory."); *Spencer v. United States*, 773 F.3d 1132, 1140 (11th Cir. 2014) ("Instead, he contends only that the district court erroneously classified him as a career offender under the advisory guidelines. But any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory."); *United States v. Foote*, 784 F.3d 931, 939 (4th Cir. 2015) ("In sum, there is no decision left standing in any circuit whereby a challenge to one's change in career offender status, originally determined correctly under the advisory

13

Guidelines, is cognizable on collateral review."); *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) ("[T]his court and our sister circuits have consistently held 'that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim.'"); *Inoshita*, 2016 WL 2977237, at *4 (examining a *Johnson* claim and stating that "even if the court misapplied the career offender provision, such an error would be a guideline — not constitutional — error").[4]  Because Petitioner waived his right to collaterally attack his sentence and no exception to that waiver applies, this petition should be dismissed.

## 2. **Petitioner procedurally defaulted his sentencing challenge.**

In addition to the bar presented by his written waiver of collateral attack, Petitioner's habeas petition is also barred because

---

[4]  At least one district court has accepted a Government stipulation that the application of an unconstitutional guideline provision would render a sentence "unconstitutional" and trigger the exception to the waiver provision of a Plea Agreement. *United States v. Dean*, No. 3:13-CR-00137-SI, 2016 WL 1060229, at *4 (D. Or. Mar. 15, 2016) ("[T]he Government stipulates that although Dean expressly waived his right to file a § 2255 motion collaterally attacking his sentence, his waiver does not bar this motion because of the constitutional basis for Dean's challenge.").  Given the facts of this case, the United States does not make that concession here.  The Ninth Circuit also recently determined that an appellate waiver did not apply to a defendant sentenced under U.S.S.G. § 4B1.2(a)(2), a residual clause "identically worded" to the residual clause at issue in *Johnson*.  See *United States v. Torres*, 2016 WL 37705177 at *9 (9th Cir. 2016).  The Ninth Circuit in *Torres* based its determination, in large part, on the "Government's concession that the district court sentenced [the defendant] pursuant to a provision in the Guidelines [U.S.S.G. § 4B1.2(a)(2)] that is unconstitutionally vague." *Id.*  In this case, the United States makes no such concession because, as set forth above and in greater detail below, the provisions under which Petitioner was sentenced are not unconstitutionally vague and are entirely different from the provisions found unconstitutionally vague in *Johnson*.  Accordingly, nothing in *Torres* allows Petitioner to circumvent his appellate waiver here.

14

he failed to raise any claim challenging the applicable sentencing guidelines on direct appeal. "The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising it on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350-51 (2006). A defendant can overcome that bar if he shows cause and prejudice for his procedural default.[5] See *Id.* at 351; see also *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) ("A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default."). Petitioner never appealed his sentence in this case and does not even attempt to explain why he may bring his guidelines dispute now. The failure to even try to shoulder his burden to establish cause and prejudice alone is grounds to dismiss the petition.

Nor can Petitioner show cause and prejudice. To show "cause," a defendant "must ordinarily . . . show that some factor external to the defense impeded counsel's efforts to comply with the . . . procedural

---

[5] In other contexts, a defendant may establish "actual innocence" to excuse procedural default as well. But the "actual innocence" exception is not satisfied by a guidelines calculation error. See *Gibbs v. United States*, 655 F.3d 473, 478 (6th Cir. 2011) ("Even if the 'actual innocence' exception applies in some noncapital sentencing contexts, we believe that the exception does not permit prisoners to raise claims about guidelines calculations in a collateral attack."); *Gilbert v. United States*, 640 F.3d 1293, 1322 (11th Cir. 2011) (no application of "actual innocence" exception in mandatory guidelines contexts, in part because defendant would be "statutorily eligible" for same sentence without career offender designation); see also *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004) (Supreme Court has not decided whether actual innocence applies to non-capital sentence); *Sawyer v. Whitley*, 505 U.S. 333, 341 (1992) (in the capital sentencing context "the exception for 'actual innocence' is a very narrow exception" addressing eligibility for capital punishment").

rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); see *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000). The Supreme Court has made clear, however, that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486. It has excused procedural default on collateral review therefore only (1) where, in a state court proceeding, the claim was "novel," *Reed v. Ross*, 468 U.S. 1, 16 (1984), (2) where the defendant received ineffective assistance of counsel, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (ineffective assistance will excuse default "in certain circumstances"), or (3) where the defendant is actually innocent.[6] *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013); *Bousley*, 523 U.S. at 537-538.

None of those exceptions apply here. Adverse authority is inadequate to establish the type of "futility" that could excuse a procedural default. "[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted); *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982). Although *Johnson* overruled two prior Supreme Court decisions finding that the language in the residual clause was not vague, see *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 564 U.S. 1 (2011), that adverse authority was not, standing alone, sufficient to establish cause.

---

[6]     As explained above, guidelines disputes cannot support "actual innocence" claims.

16

That is because the argument in *Johnson* is not "novel" within the meaning of *Reed*. The history of *Johnson* demonstrates that there is no reason to excuse procedural default for a claim, like vagueness, that is not novel. Although the non-vagueness holdings in *James* and *Sykes* were binding, there were hints from the Court that those holdings might be re-examined. Prior to *Johnson*, the Court struggled with the parameters of ACCA's residual clause on four occasions in a six-year span: *Begay v. United States*, 553 U.S. 137 (2008) (DUI: out); *Sykes v. United States*, 131 S. Ct. 2267 (2011) (vehicular flight: in); *Chambers v. United States*, 555 U.S. 122 (2009) (failure to report: out); *James v. United States*, 550 U.S. 192 (2007) (attempted burglary: in). Justice Scalia repeatedly urged his brethren to "grant certiorari, declare ACCA's residual provision to be unconstitutionally vague, and ring down the curtain on the ACCA farce playing in federal courts throughout the Nation." *Derby v. United States*, 131 S. Ct. 2858, 2860 (2011) (dissenting from the denial of certiorari). Other Justices made a similar point in urging a congressional fix. See *Chambers*, 555 U.S. at 133 (Alito, J., concurring in the judgment, joined by Thomas, J.) ("ACCA's residual clause is nearly impossible to apply consistently. [T]he only tenable, long-term solution is for Congress to formulate a specific list of expressly defined crimes that are deemed to be worthy of ACCA's sentencing enhancement.").

It therefore is clear that an attorney could have anticipated the arguments in *Johnson*. And in fact, in *Johnson* itself, the petitioner had argued that the clause was unconstitutionally vague in the Eighth Circuit, preserving the issue and positioning himself to benefit from a favorable Supreme Court ruling. *United States v. Johnson*, 526 F.

17

App'x. 708, 711-12 (8th Cir. 2013) (rejecting Johnson's vagueness challenge).  Petitioner, too, could have pursued Johnson's path.  The Petitioner in this case did not do so.  Instead, he elected not to challenge the guidelines as vague and abandoned any appeal or collateral attack of his sentence in exchange for a favorable plea.

Petitioner cannot establish cause by claiming ineffective assistance of counsel in failing to raise a *Johnson* claim, either.  To show ineffective assistance of counsel, Petitioner must establish deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668 (1984); see *Hedlund v. Ryan*, 815 F.3d 1233, 1250 (9th Cir. 2016).  Petitioner cannot show that counsel's performance was so deficient that it "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 686.  Failing to anticipate or secure a change in the law—and instead pursuing a favorable sentencing recommendation in a negotiated plea—is not deficient performance.  See *Smith v. Murray*, 477 U.S. 527, 535-36 (1986) (failure to anticipate a court's willingness to reconsider precedent is not deficient performance); *Bailey v. Newland*, 263 F.3d 1022, 1028-29 (9th Cir. 2001) (failure to raise a weak issue on appeal did not constitute ineffective assistance of counsel); *Miller v. Keeney*, 882 F.2d 1428, 1434-35 (9th Cir. 1989) (same); see also *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) ("[A] lawyer cannot be required to anticipate our decision in this later case, because his conduct must be evaluated for purposes of the performance standard of Strickland "as of the time of counsel's conduct.").  Because Petitioner cannot show cause, he may not raise his vagueness challenge for the first time in his habeas petition here.

18

Like the other district courts that have dismissed *Johnson* 2255 petitions for procedural default, this court should dismiss Petitioner's for failure to establish cause and prejudice. See *Ross v. United States*, 2016 WL 2642272, *3 (E.D. Wis. May 6, 2016) (Crabb, J.) (finding Johnson claim barred by cause-and-prejudice standard); *Clark v. United States*, 2016 WL 845271, at *25 (E.D. Wisc. Mar. 4, 2016) (Gilbert, J.) (same); *Williams v. United States*, 2016 WL 183496, at *3 (W.D.N.C. Jan. 14, 2016) (same).[7]

## C. PETITIONER'S CLAIMS FAIL ON THE MERITS

Assuming, *arguendo*, that Petitioner's written waiver and procedural default did not bar him from collaterally attacking his conviction, Petitioner's habeas petition still should be denied because it lacks merit.

### 1. Petitioner's sentence was not improperly enhanced based on his career offender status.

Petitioner argues that his prior conviction under Cal. Penal Code § 273.5(a) is no longer a "crime of violence" under *Johnson* for Career Offender purposes, and therefore his sentence was improperly enhanced under USSG § 4B1.1. This Court need not consider whether Petitioner's conviction under Cal. Penal Code § 273.5(a) is a "crime of violence," since *Johnson* is inapplicable to this case.

---

[7] Other district courts have declined to find procedural default. See, e.g., *United States v. Dean*, 2016 WL 1060229, at *5-*12 (D. Or. Mar. 15, 2016); *Cummings v. United States*, 2016 WL 799267, at *6-*8 (E.D. Wis. Feb. 29, 2016); *Stamps v. United States*, No. 13-238 (N.D. Cal. June 29, 2016).

In this case, Petitioner was not sentenced under 18 U.S.C. § 924, the statute at issue in *Johnson*. Nor was Petitioner sentenced pursuant to any provisions even remotely similar to the challenged portions of 18 U.S.C. § 924 that the Supreme Court found vague in *Johnson*. To the contrary, the sentence that Petitioner now challenges was based entirely on a provision in U.S.S.G. § 4B1.1 that applies an enhancement when a defendant is a career offender. Determining whether Petitioner previously committed a "crime of violence" does not involve the inquiry at issue in *Johnson*, i.e., determining whether an individual's prior offense involved "conduct that present[ed] a serious potential risk of physical injury to another." *Johnson*, 135 S. Ct. at 2555-56. The inquiry in *Johnson* left "grave uncertainty about how to estimate the risk posed by a crime" and "about how much risk it takes to qualify as a violent felony." *Johnson*, 135 S. Ct. at 2558. By contrast, the inquiry in this case is limited strictly to determining whether the legal elements apparent in Petitioner's prior conviction comport with U.S.S.G. § 4B1's definition of a "crime of violence." In sum, nothing in *Johnson* calls the legality of Petitioner's sentence into question.

**2. California Proposition 47 does not undermine a prior conviction's felony status for the purposes of sentencing enhancements.**

Petitioner argues that he was improperly sentenced as a career offender because his prior drug conviction no longer qualifies as a felony under California Proposition 47. However, California Proposition 47 does not undermine a prior conviction's felony status for the purposes of sentencing enhancements under 21 U.S.C. § 841 if

it was a felony at the time the defendant committed the drug offense. Petitioner's conviction for Possession of a Controlled Substance for Sale under Cal. Health and Safety Code 11378(a) was a felony at the time Petitioner committed the offense, therefore it remains a felony for career offender purposes. Petitioner's argument should be dismissed.

**3. Petitioner pled guilty to a two-count Superseding Information, not an "amended" indictment as alleged in his petition.**

Petitioner argues that the United States added a charge against him for violation of 18 U.S.C. § 924(c) by "impermissibly amend[ing] the indictment . . . just before Petitioner pled guilty [w]ithout a Grand Jury assessment of the proposed charge[]." Petitioner is incorrect. Petitioner knowingly and voluntarily waived indictment on September 18, 2014 by signing and filing a Waiver of Indictment Form with the Court. *See* Change of Plea Trans., pg. 3, ln. 3 – pg. 5, ln. 4. Petitioner was subsequently arraigned on a two count Superseding Information, and knowingly and voluntarily pled guilty to both counts, including the count charging Petitioner with violation of 18 U.S.C. § 924(c). *Id.* at pg. 16, lns. 1-25. Petitioner's allegation that the United States "constructively amended" the indictment by adding a charge for violation of 18 U.S.C. § 924(c) is baseless and should not be considered by this Court.

**4. Petitioner's ineffective assistance of counsel claim is baseless.**

As a threshold matter, Petitioner's written waiver of appeal and collateral attack forecloses Petitioner from seeking any relief under 28 U.S.C. § 2255. A waiver of appeal generally cannot be circumvented

by filing a motion pursuant to § 2255. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992). As long as a waiver of appeal is knowing and voluntary, such waiver will foreclose proceedings under § 2255. *Id.*

The Ninth Circuit has "expressed 'doubt' that such a [§ 2255] waiver could be enforceable against ineffective assistance of counsel claims." *Washington v. Lampert*, 422 F.3d 864, 870-871 (9th Cir. 2005). However, even if that doubt is given binding effect, a defendant may only challenge counsel's ineffectiveness as it relates to the voluntariness of the plea waiver. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A defendant] may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [deficient]."). Specifically,"[a] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of his guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." *United States v. Signori*, 844 F.2d 635, 638 (9th Cir.1988).

A petition alleging ineffective assistance of counsel must establish two elements: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id*. at 689. This is so because for the petitioner "[i]t is all too tempting . . . to second-guess

counsel's assistance after conviction or adverse sentence . . . ." *Id.* In evaluating the performance prong, the court should "assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).

The ineffective assistance of counsel exception to appeal waivers is inapplicable in this case, as neither of the two prongs are met. Petitioner's ineffective assistance of counsel claim summarily states that "[t]rial counsel rendered ineffective assistance of counsel when advising Petitioner to pled guilty where he failed to inform Petitioner that the government amended the indictment when adding the charge for § 924(c)." [Dkt. 56, pg. 8]. The United States agrees with Petitioner that trial counsel likely never informed Petitioner that the Government amended the original indictment – since this amendment never occurred. *See* supra, Section III(C)(3) (Petitioner knowingly and voluntarily waived indictment and pled guilty to a two-count Superseding Information). Trial counsel's failure to "inform" Petitioner of something that never occurred can hardly be considered to fall below an objective standard of reasonableness. Furthermore, there is no clear prejudice to Petitioner based on trial counsel's failure to inform him of an amended indictment that never existed. As such, Petitioner's ineffective assistance of counsel claim must be rejected.

### D. NO EVIDENTIARY HEARING IS REQUIRED

A district court may deny a 2255 petition without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). To warrant an evidentiary hearing, a petitioner must "make specific factual allegations which, if true, would entitle him to relief." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982); see also *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).

When case records are sufficiently developed to conclusively show that a petitioner is not entitled to relief, the district court may dismiss the claim without a hearing. See *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989). Here, Petitioner's claims do not merit an evidentiary hearing. As set forth above, Petitioner plainly waived his right to collaterally attack his conviction and sentence. Furthermore, even if one were to ignore Petitioner's valid written waiver of collateral attack, he would not be entitled to relief because, as is readily apparent from the files and records of this case, Petitioner's claims are based on inapposite legal authority.

### IV. CONCLUSION

For all the reasons outlined above, this Court should deny Petitioner's Motion to Vacate under 28 U.S.C. § 2255.


DATED: October 25, 2016        Respectfully submitted,


                               LAURA E. DUFFY
                               United States Attorney

24

s/ Abbey M. Jahnke
Abbey M. Jahnke
Special Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. Case No. 13-cr-3309-MMA |
|       Respondent, | |
|   v. | **CERTIFICATE OF SERVICE** |
| DANIEL VAZCONES, | |
|       Petitioner. | |

I, the undersigned declare under penalty of perjury, that I am over the age eighteen years and I am not a party to the above-entitled action; that I served the following document: **GOVERNMENT'S RESPONSE AND OPPOSITION TO PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 USC § 2255**, on the following parties by placing same in the United States mail to:

Daniel Vazcones, Register Number 40508-298
USP Hazelton
U.S. PENITENTIARY
P.O. BOX 2000
BRUCETON MILLS, WV 26525

I declare under penalty of perjury that the foregoing is true and correct.

      Executed on October 25, 2016.

s/ Abbey M. Jahnke
Abbey M. Jahnke
Special Assistant U.S. Attorney
