
FILED
FEB 27 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
        Respondent,

Case No. 13-cr-3309-MMA

v.

DANIEL VAZCONES,
        Petitioner.

## PETITIONER'S RESPONSE TO GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION TO VACATE SENTENCE

Petitioner Daniel Vazcones files this Response to Government's Opposition to Petitioner's Motion to Vacate Sentence, and respectfully shows the Court the following:

I.    INTRODUCTION

Petitioner is currently serving a 240 month sentence based on his conviction for violating 21 U.S.C. § 841 & Consecutive 60 month sentence for violating 18 U.S.C. § 924(c). Petitioner's 180 month sentence for violating 21 U.S.C. § 841 was enhanced under the Career Offender Guideline. However, under the Supreme Court ruling in Johnson, Petitioner's predicate no-longer qualifies as a crime of violence. The government filed an opposition to Petitioner's motion, arguing that this Court should dismiss Petitioner's motion because his claim is procedurally defaulted and that Johnson does not apply to this case. None of the government's argument's have merit. This Court should therefore grant Petitioner's motion.

II.    SUMMARY OF THE ARGUMENT

The government's opposition to Petitioner's motion is simply wrong. First, any procedural default is excused because Petitioner's prior conviction is no-longer a predicate crime for the career offender enhancement. Petitioner is therefore actually innocent of the career offender enhancement. Second, Johnson renders the residual clause unconstitutional and invalid and Petitioner's career offender enhancement is therefore invalid. and Third, following Johnson, Petitioner's prior conviction no-longer qualifies as a crime of violence under the career offender enhancement.

1

Therefore, Petitioner's sentenced should be vacated and he should be re-sentenced post haste.

   III.  ARGUMENT

   Petitioner's Procedural Default is Excused Because He is Actually Innocent of the Career Enhancement and Because He Satisfies the Cause and Prejudice Standard

The government first argues that Petitioner defaulted his Johnson claim by failing to press this argument in his initial proceedings or on direct appeal. While a claim is generally defaulted if it is not raised on direct appeal, such defaulted can be overcome where there is cause for the default and prejudice resulting from the violation of federal law, or where the petitioner is actually innocent. Bouseley v. United States, 523 U.S. 614, 622-23 (1998). Petitioner's default is excused on both grounds.

A petitioner may excuse procedural default by showing that he is " actually innocent " such that " the failure to hear the claims would constitute a " miscarriage of justice. '" Id. at 622; Sawyer v. Whitley, 505 U.S. 333, 339 (1992). To establish actual innocence of a count of conviction, the petitioner must establish that " in light of all the evidence, " it is more likely than not that no reasonable juror would have convicted him. " Bousley v. United States, 523 U.S. 614, 623 (1998)(quoting Schlup v. Delo, 513 U.S. 298, 327-328, (1995))(internal quotation marks omitted). As the Ninth Circuit has held, " [a] petitioner is actually innocent when he was convicted for conduct not prohibited by law. " Alaimalo, 645 F. 3d at 1047; Vosgien v. Persson, 742 F. 3d 1131, 1134 £9th Cir. 2014·£" One way a petitioner can demonstarte actual innocence [in order to overcome procedural default] is to show in light of subsequent case law that he cannot, as a legal matter, have committed the alleged crime. "). In this case, Petitioner's prior conviction no-longer qualifies as a predicate for the career offender enhancement. Because Petitioner's predicate no longer qualifies, he is actually innocent of that enhancement, and any procedural default is therefore excused. Bousley, 523 U.S. at 626 (Stevens, J., concurring)(" Petitioner's conviction and punishment on the 924(c) charge are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance ' inherently results in a complete miscarriage of justice. '"

Although perhaps the cleanest way to rule in Petitioner's favor, actual innocence is not the only way; any procedural default is also excused under the cause and prejudice standard. The " cause " prong is satisfied when the legal basis of a claim is novel; that is, when it was not reasonably available to a petitioner by the time

2

of the direct appeal. See Murray v. Carrier, 477 U.S. 478, 488 (1986): Reed v. Ross, 468 U.S. 1, 15 (1984)(" Counsel's failure to raise a claim for which there was no reasonable basis in existing law does not seriously implicate any of the concerns that might otherwise require deference to a [] procedural bar. " ). Novel claims satisfy the cause standard because a requirement that counsel raise such claims in lower courts " would not promote either that fairness or the efficiency of the [] criminal justice system " and because courts " cannot attribute to [counsel] strategic motives of any sort " in failing to raise a claim that does not yet reasonably exist. Reed, 468 U.S. at 15. " [I]n determining novelty, courts generally . . . adhere to a common sense view of what reasonably diligent counsel would have been aware of. " Leggins v. Lockhart, 822 F. 2d 764, 766 (8th Cir. 1987); See also Bousley, 523 U.S. at 623 n.2 (holding that cause is not established where " other defense counsel have perceived and litigated [a] claim "). Although the Ninth Circuit has not yet defined " novelty " it appears Petitioner satisfied that standard because reasonably diligent counsel at the time of sentencing would not have perceived and litigated a vagueness challenge to the residual clause of the career offender guideline. Given the novelty of the issue at the time of Petitioner's case, Petitioner's counsel's failure to raise the issue.

Petitioner also has suffered actual prejudice because his unlawful enhancement under the career offender guideline significantly increased his guideline range. To establish actual prejudice under the " cause and prejudice " test, a petitioner must show that there is a reasonable probability that, without the error, the result of the proceedings would have been different. Strickland v. Greene, 527 U.S. 263, 289 (1999). Petitioner received 180 month sentence as a result of the Judges finding that he was a career offender. Without this finding this sentence imposed would have been significantly less. There is little doubt that but for the career offender enhancement the sentence imposed would be different. Accordingly, Petitioner's default should be excused.

## Petitioner is No Longer a Career Offender Under the Supreme Court rulin in Johnson

Pettioner's conviction should be vacated because he predicate conviction no longer qualifies under Johnson. Johnson held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague becuase it denied fair notice to defendants and invited arbitrary enforcement by Judges by tying the judicial assessment of risk to a judicially imagined ordinary case of a crime, not to real world facts

or statutory elements and left uncertanty about how much risk it takes for a crime to qualify as a violent felony. The residual clause in the definition of a crime of violence explained in <u>Johnson</u> is materially indistinguishable from the residual clause in the career offender guidelines, is therefore void for vagueness. Without the residual clause Petitioner's predicate offense cannot be a crime of violence and therefore Petitioner is innocent of the career offender enhancement, and the coviction is void. Because Petitioner's predicate no longer qualifies under <u>Johnson</u> his career offender enhancement: (1) violates due procees, (2) violates the laws of the United States and results in the miscarriage of justice and (3) was entered in excess of this Court's jurisdiction.

IV.  **CONCLUSION**

For the foregoing reasons set forth in this motion, Petitioner is entitled to Section 2255 relief and should be re-sentenced without the career offender enhancement.

Dated: November 12, 2016.

Respectfully Submitted,

*Daniel Vazcones*
Daniel Vazcones

4

## CERTIFICATE OF SERVICE

I certify under the penalty of perjury that a copy of this document was mailed to the Clerk of the Court and the Attorney for the Government on: November 12, 2016.

Respectfully Submitted,

_Daniel Vazcones_
Daniel Vazcones
Reg No. 40508-298
USP Hazelton
U.S. Penitentiary
P.O. Box 2000
Bruceton Mills, WV 26525

⇔34660-298⇔
Arnulfo Vazcones
Federal Correctional
Institution #2
P.O. Box 3850
Adelanto, CA 92301
United States

SN BERNARDINO CA 924

23 FEB 2017 PM 7 L



Clerk of the Court
U.S. Courthouse
333 West Broadway
Suite 4290
San Diego, CA 92101



FEB 27 2017
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
RECEIVED

92101-380299